# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

| | |
|---|---|
| APPROXIMATELY $419,540.00 IN UNITED STATES CURRENCY, CURRENTLY BEING HELD BY THE UNITED STATES MARSHAL SERVICE IN BALTIMORE, MARYLAND | Case Number: 21-948M(NJ) |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Kellen J. Williams, being duly sworn depose and say:

I am a Special Agent with the Drug Enforcement Administration, and have reason to believe that in the District of Maryland there is now certain property, namely, approximately $419,540.00 in United States currency, currently being held by the United States Marshal Service in Baltimore, Maryland, that is criminally and civilly forfeitable under 21 U.S.C. §§ 853(a) and 881(a)(6), respectively, as property that constitutes or is derived from proceeds of trafficking in controlled substances, or as property that was used or intended to be used to facilitate the commission of a controlled substances offense, in violation of 21 U.S.C. § 841(a)(1), and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b) and for purposes of criminal forfeiture under 21 U.S.C. § 853(f).

The application is based on these facts:

✓ Continued on the attached sheet.

❑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

KELLEN WILLIAMS
Digitally signed by KELLEN WILLIAMS
Date: 2021.09.02 11:16:14 -05'00'

Signature of Affiant
Kellen J. Williams, DEA

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email.

9/2/2021 @ 11:53 a.m.
Date and time issued

at Milwaukee, Wisconsin
City and State

Nancy Joseph, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR SEIZURE WARRANTS

I, Kellen J. Williams, being duly sworn, depose and say as follows:

## I. BACKGROUND, TRAINING, AND EXPERIENCE

1. I have been employed as a Special Agent with the Drug Enforcement Administration ("DEA") since September 2012. I am currently assigned to the DEA Milwaukee District Office, Enforcement Group. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

2. I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations, including ones using wiretaps. More specifically, my training and experience includes the following:

a. I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

b. I have also relied upon informants to obtain controlled substances from dealers and have made undercover purchases of controlled substances;

c. I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

d. I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, fentanyl, and methamphetamine. I am familiar with the methods used by drug dealers to package and

prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e. I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f. I know that drug traffickers often use electronic equipment and wireless and landline telephones to conduct drug trafficking operations;

g. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h. I have been assigned to court-authorized wiretaps and have been trained to operate the equipment utilized to conduct such operations;

i. I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

j. I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

3. I am currently participating in an investigation of drug trafficking and money laundering involving Dwight CLAYTON, Kevin MATHIS, and Hector TERAN-VARGAS. I am familiar with the facts and circumstances regarding this investigation as a result of my personal participation in this investigation, and my review of: (a) reports prepared by, and information obtained from, other federal, state, and local law enforcement agents and officers, all of whom I believe to be truthful and reliable; and (b) financial records obtained via subpoena. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II. PURPOSE OF AFFIDAVIT

4. I submit this affidavit in support of applications for warrants to seize the following defendant properties:

   a. Approximately $330,710.00 in United States currency; and

   b. Approximately $419,540.00 in United States currency.

5. Based on the facts and circumstances set forth below, I submit that there exists probable cause to believe that the defendant properties constitute proceeds of trafficking in controlled substances or were used or intended to be used to facilitate the commission of a controlled substances offense, in violation of 21 U.S.C. § 841(a)(1), and therefore are:

   a. subject to criminal and civil forfeiture under 21 U.S.C. §§ 853(a) and 881(a)(6), respectively, and

   b. subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b) and for purposes of criminal forfeiture under 21 U.S.C. § 853(f).

6. This affidavit is provided for the limited purpose of establishing probable cause to support the requested seizure warrants. Accordingly, I have not included the details of all aspects of this investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause to believe that the defendant properties described above were used, or were intended to be used, to facilitate the crimes under investigation.

## III. PROBABLE CAUSE

### A. Background

7. On August 20, 2020, the Federal Bureau of Investigation (FBI) National Threat Operations Center received an online tip via tips.fbi.gov regarding potential international drug trafficking and tax evasion. The tip identified Dwight CLAYTON and stated that individuals are using a business called S&C Trucking LLC to hide proceeds in Milwaukee, Wisconsin. The tip

3

Case 2:21-mj-00948   Filed 09/02/21   Page 4 of 13   Document 1

stated a second unidentified person owes a large sum of money for income taxes and owes child support and started a business to get paid "under the table" from a source. The tip stated this second person ran income through that source and uses his girlfriend's accounts to hide profits from drug trafficking. The tip further stated that this second person is involved in drug trafficking with the people who operate S&C Trucking LLC, 1918 East Lafayette Place #309, Milwaukee, Wisconsin, and is a co-owner of the business. The tipster identified this person as Dwight CLAYTON. The tip stated that the business is registered "with the DOT under a different address which is a home." The tipster further reported that CLAYTON had been sent to prison for federal drug charges in the past. According to the tip, CLAYTON and the second person lived lavish lifestyles and clearly lived beyond their means.

8. A search of Wisconsin Department of Financial Institutions records revealed that Dwight CLAYTON is the registered agent of S&C Trucking LLC. The LLC address listed for the business is 9736 West Tower Avenue, Milwaukee, Wisconsin. Case agents conducted surveillance at this location on several occasions and have never seen a person or vehicle come or go from the residence. Additionally, cameras are mounted on the exterior of the residence and all of the window blinds are closed. I am aware, based on my training and experience, that drug traffickers frequently maintain "stash" houses which are residences used to store drugs prior to distribution and/or to store proceeds of drug sales after distribution. These residences typically have little vehicle or pedestrian traffic so as to avoid drawing attention to the house. Additionally, cameras are often mounted to the exterior of "stash" houses to allow the drug trafficker to observe if the residence is being approached by Police or rival drug traffickers.

9. On October 20, 2020, Texas Department of Public Safety investigators were conducting surveillance at a suspicious business in Pharr, Texas. Investigators observed an open

4

Case 2:21-mj-00948   Filed 09/02/21   Page 5 of 13   Document 1

overhead garage door at the business warehouse and observed a pallet containing several boxes sitting next to a pickup truck in the business. The rest of the warehouse appeared to be empty. A short time later, a truck belonging to Estes Express Lines arrived, loaded the pallet onto a truck, and left the business. Investigators maintained surveillance until the truck arrived at the Estes Express Lines property. Investigators subsequently approached the employees of the company and inquired about the pallet. Investigators were provided with the bill of lading related to the shipment. The bill of lading indicated that the pallet contained 492 pounds of optical cable and was being shipped from Dixie Cable, 2003 North Veterans Boulevard, Suite 18, Pharr, Texas 78577 to Raul Gallegos, 1850 North Doctor Martin Luther King Jr. Drive #210, Milwaukee, Wisconsin 53212. The shipper name was listed as Carlos Trevino with phone number (956) 996-2424. The recipient was listed as Raul Gallegos with phone number (657) 261-1934. Investigators conducted a K-9 sniff of the pallet and received a positive alert for the presence of controlled substances. A subsequent search of the pallet revealed approximately 60 kilograms of cocaine concealed within the boxes on the pallet.

10. Shipping records revealed that three prior shipments had been sent from Pharr, Texas to 1850 North Doctor Martin Luther King Jr. Drive #210, Milwaukee, Wisconsin 53212. Two of those shipments had been picked up at the shipping company and one had been delivered on August 14, 2020, to 1850 North Doctor Martin Luther King Jr. Drive #210, Milwaukee, Wisconsin 53212. Case agents obtained surveillance video from North Shore Bank which showed that on August 14, 2020, Dwight CLAYTON arrived at the side of the business at 1850 North Martin Luther King Jr. Drive, driving a black Dodge Ram 2500 pickup. The bed of the pickup was empty upon his arrival. A short time later, a box truck driven by the shipping contractor arrived and parked on the side of the business. CLAYTON was observed positioning the Dodge

5

Case 2:21-mj-00948   Filed 09/02/21   Page 6 of 13   Document 1

Ram near the shipping company vehicle. A short time later, CLAYTON drove away from the area. The bed of the Dodge Ram now contained what appeared to be a shipping pallet. This pallet was similar in appearance to the pallet seized in Pharr, Texas on October 20, 2020.

11. A search of Wisconsin Department of Financial Institutions records revealed that Peachy Clean Commercial and Construction Cleaning LLC lists its office address as 1850 North Doctor Martin Luther King Jr. Drive #210, Milwaukee, Wisconsin 53212. The registered agent is Ronny Thompson. Numerous law enforcement database searches identified Ronny Thompson's phone number as (414) 803-9676.

12. Administrative Subpoenas were sent to AT&T for records related to (414) 469-6235, the number used by Dwight CLAYTON. The phone is subscribed to Dwight CLAYTON at 9736 West Tower Avenue, Milwaukee, Wisconsin. An analysis of the records for (414) 469-6235 revealed that CLAYTON was in contact with (414) 803-9676, the number used by Ronny Thompson, 153 times from March 5, 2020, through October 8, 2020. An examination of records for (414) 469-6235 also revealed that CLAYTON was in regular and frequent contact with other phones known to be used by drug traffickers in the Milwaukee area.

13. A search of Public Access to Court Electronic Records (PACER) records revealed that Dwight CLAYTON was convicted in Case # 04-CR-66 of Conspiracy to Possess with Intent to Distribute Five Kilograms of Cocaine and Money Laundering. CLAYTON was sentenced to 108 months of imprisonment on each count with the sentences to run concurrently. Based on the foregoing, and based on their training and experience, case agents believe that CLAYTON is involved in trafficking significant quantities of cocaine in Texas and Wisconsin.

### B. Electronic Surveillance and Seizure of U.S. Currency

14. On November 2, 2020, the Honorable William E. Duffin, United States Magistrate Judge in the Eastern District of Wisconsin, signed a tracking warrant for a silver 2015 Kia Optima, bearing Wisconsin license plates ACV-2064, known to be driven by Dwight CLAYTON. On November 24, 2020, case agents observed that the Kia left 9736 West Tower Avenue, Milwaukee, Wisconsin, and travelled directly to a vacant lot in the 4700 block of South Packard Avenue, Cudahy, Wisconsin. Case agents responded to that area to conduct surveillance of the Kia. At 3:27 p.m., case agents observed that the Kia had travelled to the parking lot of a BMO Harris Bank located at 4677 South Packard Avenue, Cudahy, Wisconsin. Case agents conducted surveillance of the Kia and observed CLAYTON in the driver's seat and a second unidentified male in the front passenger seat. The second male appeared to be looking down at the passenger-side floorboard. At 3:35 p.m., the Kia drove out of the BMO Harris parking lot and drove back to the 4700 block of South Packard Avenue. The Kia did a U-turn and pulled to the curb on the south side of the street. Case agents observed the unidentified male exit the front passenger seat and retrieve a small rolling suitcase and a small duffel bag from the vehicle. The male then entered the JP Morgan Chase Bank at 4702 South Packard Avenue, Cudahy, Wisconsin. CLAYTON drove the Kia out of the area and was not followed.

15. The unidentified male approached a teller window and appeared to be conducting a lengthy transaction. At 4:34 p.m., the male exited the bank and stood in front of the bank looking at his cellular phone. At 4:42 p.m., a vehicle displaying an Uber sticker arrived in front of the bank. The male opened the rear cargo area of the vehicle and placed the suitcase and the duffel bag into the vehicle. Case agents followed the vehicle to the Hilton Garden Inn – Milwaukee

Airport, 5890 South Howell Avenue, Milwaukee, Wisconsin, where the male exited the vehicle and entered the hotel.

16. Case agents subsequently interviewed employees at the JP Morgan Chase Bank located on South Packard Avenue. They stated that the unidentified male had made a large cash deposit but provided no additional information about the transaction. A subpoena served on JP Morgan Chase later revealed that the male had deposited $169,650 in United States currency to an account held by Redzien LLC, a business organized in the State of Florida. The authorized signers on the account are Kevin MATHIS and Hector Manuel TERAN-VARGAS. Banking records for this account show that the account was opened on September 23, 2020. A search of Florida corporation records identified the registered agent for Redzien LLC as Kevin MATHIS, of 10870 West Sample Road # 4504, Coral Springs, Florida. The Articles of Organization for Redzien LLC identify MATHIS and Hector M. VARGAS, a.k.a Hector TERAN-VARGAS, as Managers of the LLC. Additional banking records identified MATHIS' phone number as (941) 809-5186 and email address as kmathis193@gmail.com. An Administrative Subpoena served on T-Mobile identified the subscriber for (941) 809-5186 as Conceptual Design & Consulting Srvcs Inc, of 193 Medici Ter, North Venice, Florida, and the customer name as "Mathis." A search of Florida corporation records identified Kevin MATHIS as the Vice-President of Conceptual Design & Consulting Services.

17. Banking records revealed that Redzien, LLC had also opened bank accounts at Bank of America, Wells Fargo Bank, and Regions Bank. A review of transactions for these banks identified approximately 840 suspicious transactions totaling $7,500,811 from July 3, 2020, through December 2, 2020. These transactions occurred in at least nine different States, including Wisconsin. A review of additional banking records revealed that since September 12, 2020, Kevin

MATHIS and Hector TERAN-VARGAS have deposited over $9,000,000 into various bank branches throughout the United States.

18. On November 25, 2020, a subpoena was sent to Uber requesting information for any and all rides picked up within 1000 yards of 4702 South Packard Avenue, Cudahy, Wisconsin (Chase Bank) on November 24, 2020, between 4:30 p.m. and 5:00 p.m. On December 16, 2020, Uber responded with the requested information, which revealed Kevin MATHIS was the rider of the Uber. Uber also provided phone number (941) 809-5186, email address kmathis193@gmail.com as being listed on MATHIS' account. MATHIS used a JPMorgan Chase Bank Visa Debit card to pay for the ride. Based on their training and experience, and the investigation to date, case agents believe that MATHIS was the unidentified male who deposited the approximately $169,650 into the Redzien LLC account at US Bank. [s/b JP Morgan Chase Bank ?]

19. On December 2, 2020, case agents went to the Hilton Garden Inn – Milwaukee Airport and reviewed hotel registration records for November 24, 2020. Those records revealed that Kevin MATHIS rented room 339 for one night on November 24, 2020. MATHIS checked in to the room at 4:52 p.m., the same time case agents observed the Uber drop the male off at the hotel. MATHIS checked out of the hotel at 3:42 a.m., the following morning. A review of telephone records for (941) 809-5186 revealed that a call was placed to the Hilton Garden Inn – Milwaukee Airport on November 24, 2020. Case agents believe this call involved MATHIS reserving a room for that evening.

20. Based on the surveillance described above and the banking and hotel records, case agents believe that Kevin MATHIS is involved in the laundering of drug proceeds for Dwight CLAYTON and the CLAYTON DTO.

21. On January 7, 2021, the Honorable William E. Callahan, Jr, United Magistrate Judge in the Eastern District of Wisconsin, signed a warrant authorizing the search of kmathis193@gmail.com. On January 21, 2021, Google provided the requested information. A review of the Gmail account confirmed MATHIS and TERAN-VARGAS are involved in the laundering of money from the US to Mexico and other destinations. Agents located several pictures containing large amounts of US currency, deposit slips, wire transactions, dollar bill serial numbers, travel bookings, and other information consistent with their operation.

22. In March 2021, the DEA Baltimore District Office, conducting an on-going drug investigation, learned that a white male, who identifies himself as "MAVERICK," was flying in from Miami and was going to pick up approximately $750,000 in drug proceeds, which he was going to launder through several banks. On March 24, 2021, DEA Baltimore established surveillance at the BWI Hilton located at 1739 West Nursery Road, Linthicum Heights, Maryland. Agents later observed a white male (subsequently identified as Kevin MATHIS) enter the hotel and go the front desk. Agents were able to hear MATHIS say he just flew in and provided a phone number with a Florida area code. Agents later observed MATHIS exit the hotel and retrieve two black duffel bags from a white SUV, then re-enter the hotel and enter the elevator. MATHIS eventually returned to the lobby with a weighted down blue backpack and got into an Uber. DEA requested the assistance of the Anne Arundel County Police Department, which developed independent probable cause to stop the vehicle. Law enforcement requested and received consent to search the vehicle and its contents. A search of the backpack revealed approximately $330,710 in U.S. Currency. MATHIS consented to a search of his hotel room, resulting in the seizure of approximately an additional approximately $419,540 in U.S. Currency. MATHIS told agents that he owned a mining operation named Redzien LLC with Hector TERAN-VARGAS and he goes

around the country and picks up money for TERAN-VARGAS and deposits the currency into bank accounts. MATHIS stated the large amount of currency was related to the ongoing mining operation, and not illegal. The money was seized, and MATHIS was released.

23. Review of the bank accounts for Redzien LLC reflects that the accounts are primarily used for large cash deposits, transfers, and travel related expeneses. There are no regularly occurring deposits in similar dollar amounts or from sources consistent with legitimate employment. The Redzien LLC accounts do not have expenses consistent with the operation of a business. For example, the accounts do not reflect deductions for payroll expenses or rent. Accordingly, case agents believe that the Redzien LLC account are used to launder drug proceeds and to facilitate his drug trafficking activities.

24. Furthermore, through email search warrants, case agents have obtained documents related to the Redzien mining business. These documents, sent between TERAN-Vargas and MATHIS, indicate ownership of a mine located in Mexico. The mine shows no correlation between any mining operations in the U.S., and no reason to be picking up large amounts of U.S. currency in the U.S. Based on my training and experience, and the investigation to date, case agents believe Redzien LLC, the Florida based company, is a front for TERAN-Vargas and MATHIS' money laundering operation.

### III. CONCLUSION

25. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that the defendant properties – approximately $330,710.00 in United States currency and approximately $419,540.00 in United States currency – constitute proceeds of trafficking in controlled substances or were used or intended to be used to facilitate the commission of a controlled substances offense, in violation of 21 U.S.C. § 841(a)(1), and a

11

Case 2:21-mj-00948   Filed 09/02/21   Page 12 of 13   Document 1

protective order would not be sufficient to assure the availability of the property for forfeiture. As such, the defendant properties are:

    a.    subject to criminal and civil forfeiture under 21 U.S.C. §§ 853(a) and 881(a)(6), respectively, and

    b.    subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b) and for purposes of criminal forfeiture under 21 U.S.C. § 853(f).

###

12

Case 2:21-mj-00948   Filed 09/02/21   Page 13 of 13   Document 1